FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 22, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISSY C., | No. 1:25-CV-3024-SAB |
| Plaintiff, | |
| v. | **ORDER AFFIRMING THE** |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | **DECISION OF COMMISSIONER** |
| Defendant. | |

Plaintiff brings this action seeking juridical review of the Commissioner of Social Security's final decision denying her application for social security benefits. Plaintiff is represented by D. James Tree. The Commissioner is represented by Benjamin Groebner and Brian M. Donovan. Pending before the Court are Plaintiff's Opening Brief, ECF No. 9, and the Commissioner's Brief, ECF No. 11.

After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court affirms the Commissioner's decision.

**I.     Jurisdiction**

On April 20, 2020, Plaintiff filed an application for disability insurance benefits, alleging disability beginning March 18, 2020. Plaintiff's application was denied initially and on reconsideration. Plaintiff requested a hearing and on

**ORDER AFFIRMING THE DECISION OF COMMISSIONER ~ 1**

February 6, 2024, a telephonic hearing was held. Plaintiff appeared and testified before an ALJ, with the assistance of her counsel, Justin Jerez. John MacLeod, vocational expert, also participated. The ALJ found Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council and the Appeals Council denied the request on January 10, 2025. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on February 13, 2025. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II. Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in

**ORDER AFFIRMING THE DECISION OF COMMISSIONER ~ 2**

substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~ 3

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific

quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

### IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

At the hearing, counsel indicated that Plaintiff began work on June 1, 2021, which qualified as substantial gainful activity through the date of the hearing. Plaintiff had worked at Safeway at the start of the COVID 19 pandemic and on March 18, 2020, she stopped work on her doctor's orders because she was considered a high risk to contract COVID.

Plaintiff experiences significant pain in her back. She uses a cane and walker periodically, and when working prior to 2018, she was provided a chair. She suffers from severe asthma and diabetes, as well as chronic sinus infections. She reported that she returned to work at Safeway after she received her COVID vaccinations.

### V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 101-121.

At step one, the ALJ found that Plaintiff engaged in substantial gainful activity since June 1, 2021 through at least February 26, 2024, the date of the ALJ's opinion, but found there had been a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity from May 18, 2020 through May 31, 2021. AR 104.

At step two, the ALJ identified the following severe impairments: degenerative disc disease, asthma, obstructive sleep apnea, obesity, diabetes mellitus, anxiety disorder, depressive disorder, PTSD. AR 104.

At step three, the ALJ found that Plaintiff did not have an impairment or

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~ 5

combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 105. Ultimately, the ALJ concluded Plaintiff has a residual function capacity ("RFC") to perform:

> light work as defined in 20 CFR 404.1567(b) except that the individual could occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. The individual could occasionally stoop, kneel, crouch, and crawl. The individual could frequently reach overhead bilaterally. The individual could tolerate occasional exposure to workplace hazards such as unprotected heights and exposed, moving machinery. The individual requires the ability to alternate between sitting and standing at will while remaining on task. The individual uses a single point cane held in the right, dominant, upper extremity while ambulating. The individual could perform simple, routine tasks. The individual requires regular work breaks at 2-hour intervals.

AR 107.

At step four, the ALJ found Plaintiff was unable to perform any past relevant work as a gas station manager. AR 120.

The ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could also perform in the national economy, including marker, sub assembler, electrical parts, and router. Consequently, the ALJ found Plaintiff was not disabled from March 18, 2020 through February 26, 2024. AR 121.

## VI.  ISSUES

1. Did the ALJ properly evaluated Plaintiff's testimony?
2. Did the ALJ properly evaluate the medical evidence?

## VII.  Discussion

### 1. Evaluation of Plaintiff's testimony

The ALJ found that while Plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms alleged, her statements concerning the intensity, persistence, and limiting effects of her symptoms are not

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~ 6

fully consistent with the medical evidence and other evidence in the record. The ALJ found that during the period at issue, Plaintiff had significant functional limitations, but the treatment record fails to establish more restrictive functioning than outlined in the residual functional capacity. The ALJ found Plaintiff was not unable to work because of her impairments and also found Plaintiff's reports about her activities supported the residual functional capacity set by the ALJ.

The ALJ's evaluation of Plaintiff's testimony is supported by substantial evidence in the record. For instance, in April of 2020, Plaintiff reported she was looking forward to going back to work and she had gone to Las Vegas to care for a friend; in May 2020, Plaintiff reported she had taken yard waste to the dump a couple of times recently, and told her doctor she was going to return to work if she did not hear from Social Security.

### 2. Evaluation of the Medical Evidence

Plaintiff argues the ALJ erred in evaluating the opinion of David Fine - PA. Mr. Fine opined that Plaintiff could sit for two hours at a time and four hours in an eight-hour workday, lift and carry 10 pounds occasionally and five pounds frequently, frequently handle, finger, and feel and never squat, kneel, climb, crawl, or balance. The ALJ recognized that Plaintiff's presentation at the consultative examination supported these limitations, but such limitations were not consistent with the longitudinal evidence of the record. The ALJ noted that shortly after this examination, Plaintiff returned to her work, without any intervening treatments to improve her functioning, or any reports of improved functioning. The ALJ noted that working in her current job would not be possible if she were limited as found by Mr. Fine. The ALJ also found the record failed to support Mr. Fine's limitations with respect to Plaintiff's ability to grip, handle, finger and feel frequently.

In evaluating medical opinion evidence, the ALJ must consider the persuasiveness of each medical opinion and prior administrative medical finding from medical sources. 20 C.F.R. § 416.920c(a) and (b). The ALJ is required to

consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:
> (1) Supportability.
> The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
> (2) Consistency.
> The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.*

The ALJ's evaluation of Dr. Fine's opinion is supported and consistent with the longitudinal record. As such, the ALJ's evaluation of Dr. Fine's opinion is supported by substantial evidence.

### VIII. Conclusion

The ALJ's decision that Plaintiff was not disabled during the period in question is supported by substantial evidence.

//
//

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~ 8

Accordingly, **IT IS HEREBY ORDERED:**

1. For court management purposes, Plaintiff's Opening Brief, ECF No. 9, is **DENIED**.

2. For court management purposes, the Commissioner's Brief, ECF No. 11, is **GRANTED**.

3. The decision of the Commissioner is **affirmed**.

4. Judgment shall be entered in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 22nd day of September 2025.



Stan Bastian
Chief United States District Judge

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~ 9